**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
ZYFER HYSEN-DAUTI,

                                   Plaintiff,

                -against-

JOE'S FLEETWOOD RESTAURANT PIZZERIA &
CATERING, NEIL RUGGIERO, *Individually,* RAY
RUGGIERO, *Individually,* and NEIL MANCUSI,
*Individually,*

                                  Defendants.
------------------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF
DEMANDS A
TRIAL BY JURY**

      Plaintiff, ZYFER HYSEN-DAUTI, by his attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of Defendants, upon information and belief, as follows:

<u>**NATURE OF THE CASE**</u>

1.     Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as amended, 42 U.S.C. § 2000-e *et seq.*; the <u>New York State Human Rights Law</u>, New York State Executive Law § 296 *et seq.,* ("NYSHRL"); and the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-107 *et seq.*, seeking to redress the injuries he has suffered as a result of being subjected to discrimination based on his national origin (Albanian).

<u>**JURISDICTION AND VENUE**</u>

2.     Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3.     The Court has supplemental jurisdiction over the claims of Plaintiff brought under state and city law pursuant to 28 U.S.C. § 1367.

4.   Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), based upon the fact that the claims alleged herein took place within the Southern District of New York.

## PROCEDURAL PREREQUISITES

5.   Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6.   Plaintiff received a Notice of Right to Sue from the EEOC, dated October 13, 2016, with respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7.   This Action is being commenced within 90 days of receipt of said Right to Sue.

8.   A Second charge of discrimination was filed in connection with this matter, on October 28, 2016, pertaining to Sarno Ristorante Corp.  Once a Notice of Right to Sue has been received, Plaintiff will seek to file an Amended Complaint, adding Sarno Ristorante Corp. as a defendant.

## PARTIES

9.   Plaintiff ZYFER HYSEN-DAUTI ("HYSEN-DAUTI") is a resident of the State of New York, Bronx County.

10.   Defendant JOE'S FLEETWOOD RESTAURANT PIZZERIA & CATERING ("JOE'S PIZZERIA") is a domestic business entity, with its principal place of business located at 9 Broad Street West, Mount Vernon, NY 10552.

11.   At all times material, Plaintiff HYSEN-DAUTI was an employee of Defendant JOE'S PIZZERIA, holding the position of "Pizzaiolo."

12.   At all times material, Defendant NEIL MANCUSI ("MANCUSI") was an employee of Defendant JOE'S PIZZERIA, holding the position of "Pizzaiolo."

2

13. At all times material, Defendants NEIL RUGGIERO and RAY RUGGIERO were the Owners of Defendant JOE'S PIZZERIA.

14. At all times material, Defendants NEIL RUGGIERO and RAY RUGGIERO were Plaintiff's supervisors and/or exercised supervisory authority over Plaintiff. Defendants NEIL RUGGIERO and RAY RUGGIERO had the authority to hire, terminate, and/or affect the terms and conditions of Plaintiff's employment.

15. Defendants JOE'S PIZZERIA, NEIL RUGGIERO, RAY RUGGIERO and MANCUSI are jointly referred to herein as the "Defendants."

## MATERIAL FACTS

16. Defendant JOE'S PIZZERIA hired Plaintiff HYSEN-DAUTI as a "Pizzaiolo" in or around March 2008.

17. Soon after Plaintiff HYSEN-DAUTI began working for Defendants, his work environment was permeated with hostility towards his Albanian national origin.

18. Defendants were aware that Plaintiff HYSEN-DAUTI was a survivor of the 1999 ethnic cleansing of Kosovar Albanians during which Plaintiff's father was killed. Nonetheless, Defendants proceeded to harass Plaintiff HYSEN-DAUTI solely on the basis of his Albanian origin.

19. Defendants treated Plaintiff HYSEN-DAUTI, as well as his Albanian co-workers, Vinet Berbati, Beslim, and Sami Demhasaj, differently than their Italian and Mexican co-workers.

20. Plaintiff was first subjected to an offensive comment targeting his national origin in 2008. While discussing cooking ingredients, Defendant MANCUSI expressed that Plaintiff did not know that garlic powder existed, complaining that Defendants NEIL RUGGIERO

3

and RAY RUGGIERO had hired a "dummy." Defendant RAY RUGGIERO added that all Plaintiff HYSEN-DAUTI knew were Albanians and sheep, thus insulting Plaintiff's intelligence, based on his national origin.

21. What followed was a systematic campaign of discrimination against Plaintiff HYSEN-DAUTI. Throughout Plaintiff's employment with Defendant JOE'S PIZZERIA, Defendants have called Plaintiff "asshole," "idiot," "piece of shit," "dummy," "mother-fucker" and other offensive epithets on a regular basis.

22. Defendants have also mocked Plaintiff HYSEN-DAUTI for not speaking English well and told him to "go back to Albania."

23. Defendants did not make such offensive comments towards the Italian or Mexican employees. However, they subjected Plaintiff, Mr. Berbati, Beslim and Mr. Demhasaj to continuous harassment by way of these insulting epithets solely on the basis of their national origin. Upon information and belief, Mr. Berbati quit in June of 2010 due to the continuous harassment he suffered at the hands of Defendants based on his Albanian origin.

24. Defendant MANCUSI has consistently mocked Plaintiff and Mr. Demhasaj, who have heavy accents, by saying, "Take the meatball off your mouth because no one can understand you!"

25. In or around July 2012, when Plaintiff HYSEN-DAUTI was granted his U.S. citizenship, Defendant MANCUSI said to Plaintiff, in front of Defendants NEIL RUGGIERO and RAY RUGGIERO, "What dumb officer gave you your citizenship? If you got your citizenship, everyone should have it. The officer who gave you your citizenship should get shot! You don't even know history but you know U.S. history now?" Again,

4

Defendant MANCUSI was implying that due to his national origin, Plaintiff HYSEN-DAUTI did not have the requisite intelligence to obtain U.S. citizenship.

26. Subsequently, when Plaintiff and Mr. Demhasaj spoke to each other in Albanian, Defendant MANCUSI exclaimed, in front of Defendants RAY RUGGIERO and NEIL RUGGIERO, "No Albanian here, only English!"

27. The discriminatory conduct to which Plaintiff HYSEN-DAUTI was subjected due to his national origin continued in 2013.

28. In or around March 2013, Defendant MANCUSI asked Plaintiff HYSEN-DAUTI, in front of Defendant RAY RUGGIERO, "How does your wife deal with you?" Defendant RAY RUGGIERO interjected, "She is probably a sheep. He probably brought a sheep from back home."

29. Subsequently, Defendants MANCUSI, RAY RUGGIERO and NEIL RUGGIERO mocked Plaintiff HYSEN-DAUTI regarding his driving abilities telling him that he did not know how to drive and he drove "like an animal." Defendant MANCUSI remarked that Plaintiff drove "like an idiot" while Defendant RAY RUGGIERO stated, "He [referring to Plaintiff HYSEN-DAUTI] is used to riding a donkey back home; he doesn't know how to ride a car."

30. Defendants continued to subject Plaintiff to discriminatory treatment in 2014.

31. In 2014, in front of Defendants RAY RUGGIERO and NEIL RUGGIERO, Defendant MANCUSI said to Plaintiff, "Thank God your mother has not made more like you, so we don't have to suffer from people like you! The Serbs should have shot you, not your father!" Defendant MANCUSI made this appalling comment to Plaintiff HYSEN-DAUTI knowing that Plaintiff was a survivor of the 1999 ethnic cleansing of Kosovar

Albanians, during which Plaintiff's father was killed.

32.   Plaintiff HYSEN-DAUTI complained to Defendant NEIL RUGGIERO regarding Defendant MANCUSI, telling him that he could no longer take the abuse.  However, Defendant NEIL RUGGIERO, who participated in the discriminatory conduct against Plaintiff, dismissed Plaintiff HYSEN-DAUTI's complaint by simply advising Plaintiff to ignore Defendant MANCUSI.

33.   Then, when Plaintiff HYSEN-DAUTI's wife had a miscarriage, Defendant MANCUSI said to Plaintiff, "The baby did not want to come out because he did not want to deal with you.  What kind of fucked up father are you?"

34.   On another occasion, Defendant MANCUSI told Plaintiff HYSEN-DAUTI, in front of Defendant NEIL RUGGIERO, "You [referring to Albanians] are not fucking Muslims, the Turks turned you into Muslims.  You were Catholic!"

35.   Defendant MANCUSI continued to express his hatred towards Plaintiff HYSEN-DAUTI's Albanian origin on a regular basis.

36.   One day, tired of the continuous abuse by Defendant MANCUSI, Plaintiff HYSEN-DAUTI told Defendant MANCUSI that he was grateful that Defendant MANCUSI had not been a soldier in Albania because he would have shot everyone.  In the presence of Defendant NEIL RUGGIERO and Mr. Demhasaj, Defendant MANCUSI said, "Yes, maybe I would have done that."  Hurt and humiliated, Plaintiff asked Defendant MANCUSI, "Why do you hate Albanians so much?"  Defendant MANCUSI replied, "Because you are dumb, you are nothing!"

37.   Defendants' abusive behavior towards Plaintiff HYSEN-DAUTI continued into 2015.

38.   Defendants continued to exclaim offensive epithets towards Plaintiff HYSEN-DAUTI, such as, "piece of shit," "dummy," and "asshole."

39.   Furthermore, Defendant MANCUSI continuously threatened Plaintiff HYSEN-DAUTI by saying, "I'll throw you in the oven," "I'll throw you out the window," "I'll take a shovel and hit you over the head," and "Thank God I don't carry a gun with me because I would shoot you."

40.   On one occasion, when an Albanian customer, Niki, came into the restaurant, Plaintiff HYSEN-DAUTI greeted the customer in Albanian.   Defendant MANCUSI yelled at the Plaintiff and Niki, in the presence of Defendant RAY RUGGIERO, "Stop using that shitty language!"  Niki turned to Defendant RAY RUGGIERO and complained regarding Defendant MANCUSI's offensive conduct.  However, Defendant RAY RUGGIERO did not take the complaint seriously as he laughed and dismissed Niki.

41.   Then, in or around December 2015, Defendant MANCUSI said to Plaintiff, in the presence of Defendant RAY RUGGIERO, as Defendant MANCUSI and Plaintiff were making pizza, "You don't smell anything but the dirt from back home."  When Plaintiff HYSEN-DAUTI complained to Defendant RAY RUGGIERO regarding Defendant MANCUSI's discriminatory comment, he laughed and dismissed the Plaintiff.

42.   On another occasion, in or around mid-December 2015, as Mr. Demhasaj was instructing the delivery man to put a pizza box in a plastic bag to prevent the box from becoming wet from the rain, Defendant MANCUSI suddenly remarked, "Maybe he's Albanian [referring to the delivery man]."  Plaintiff asked, "Why?"  Defendant MANCUSI replied, "Dumb like the Albanians, like you guys."  Plaintiff HYSEN-DAUTI objected to Defendant MANCUSI's offensive comment.  However, Defendant MANCUSI became

irate and shouted, "Shut the fuck up, you talk too much."

43.   Plaintiff HYSEN-DAUTI, once again felt offended and humiliated by Defendant

MANCUSI's pervasive discriminatory conduct.

44.   Defendants MANCUSI, RAY RUGGIERO and NEIL RUGGIERO did not exhibit the

same harassing behavior towards the Italian or Mexican workers.   In fact, when the

Mexican employees would run late or made mistakes, Defendants would counsel them

kindly.   However, if the Albanian workers ran late or made mistakes, they would always

be reprimanded by Defendants.

45.   From 2012 until 2015, every time Mr. Demhasaj made a mistake, Defendant RAY

RUGGIERO would say to Plaintiff, "He is your uncle. He's dumb like you! You

Albanians don't know anything but sheep.

46.   Defendant MANCUSI would also tell the Plaintiff, continuously, in the presence of

Defendants RAY RUGGIERO and NEIL RUGGIERO and his co-workers, "You come

from a third-world country, you don't know shit!"

47.   Additionally, every time a customer was difficult in some way, Defendant RAY

RUGGIERO would mockingly state, "Check his license, he might be Albanian!"

48.   On or about December 27, 2015, Defendant MANCUSI stated that Plaintiff HYSEN-

DAUTI "should be hit by a garbage truck" and that Plaintiff "belongs in a garbage truck."

Plaintiff HYSEN-DAUTI again objected to Defendant MANCUSI's behavior but

Defendant MANCUSI replied, "Shut the fuck up!  You talk too much; you're giving me a

headache!"

49.   Then, on or about December 29, 2015, Plaintiff HYSEN-DAUTI complained to

Defendant RAY RUGGIERO regarding Defendant MANCUSI's offensive treatment of

the Albanian workers.   Defendant RAY RUGGIERO instructed Plaintiff to talk to Defendant MANCUSI about his complaint, adding, "I am not here to argue with him [referring to Defendant MANCUSI]."

50.     Plaintiff continues to be subjected to discrimination due to his Albanian origin in 2016.

51.     By way of example, on or about January 3, 2016, Plaintiff HYSEN-DAUTI learned that his grandfather passed away.  Plaintiff HYSEN-DAUTI approached Defendant NEIL RUGGIERO asking for the day off due to his loss.  However, unsympathetic, Defendant NEIL RUGGIERO said, "Why did you not tell me before?"   Shocked, Plaintiff responded, "He [referring to his grandfather] just passed away."

52.     Then, on or about January 7, 2016, Plaintiff informed Defendant NEIL RUGGIERO that the last service for his grandfather was going to take place on January 17, 2016 and asked for that day off.  Angered, Defendant NEIL RUGGIERO exclaimed, "Muslims have the worst traditions!"

53.     Plaintiff HYSEN-DAUTI felt hurt, offended and humiliated by Defendant NEIL RUGGIERIO's cruel behavior.  Defendant NEIL RUGGIERO treated Plaintiff, at his time of loss, very differently from his Mexican co-worker, Mimi, whose mother passed away in January 2016.

54.     When Mimi's mother passed away, Mimi did not show up for work.  Nonetheless, Defendant NEIL RUGGIERO treated Mimi with compassion, by hugging him and expressing that he was sorry for Mimi's loss.

55.     Meanwhile, Defendant MANCUSI continued to equate Plaintiff HYSEN-DAUTI's existence with that of an animal.  By way of example, in or around January 2016, Defendant MANCUSI said to Plaintiff, while he was eating, "You're eating like an

animal" in front of customers.  Plaintiff felt hurt and humiliated.

56.     Furthermore, Defendant MANCUSI continued to use profanity towards Plaintiff HYSEN-DAUTI.  On or about January 21, 2016, Defendant MANCUSI called Plaintiff an "idiot" and a "piece of shit" for cutting the pizza a certain way.

57.     Then, in or around January 28, 2016, a customer came into the restaurant with his child. The customer was Italian but his son was half Albanian. The father was talking to Defendant MANCUSI about the fact that his son was hurt playing basketball as the ball hit him on his nose. Defendant MANCUSI replied, "He must be Albanian weak."

58.     Additionally, on or about February 10, 2016, Defendant MANCUSI told Defendants RAY RUGGERIO and NEIL RUGGERIO that if it was up to him, he would not let the Albanian workers speak Albanian to each other.

59.     The foregoing are only some of the discriminatory acts to which Plaintiff was subjected due to his national origin.

60.     Plaintiff was unlawfully discriminated against, humiliated, degraded, and victimized due to his national origin.

61.     Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

62.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, promotion, the loss of a salary, bonuses, benefits and other compensation which stem directly from their employment with Defendants.  Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

63.   Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against all the Defendants, jointly and severally.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

64.   Plaintiff HYSEN-DAUTI repeats and realleges each and every allegation made in the above paragraphs of this complaint.

65.   42 USC 2000e-2(a), states in relevant part: "It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ."

66.   Defendant JOE'S PIZZERIA engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of his national origin.

## SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW
### (Not Against Individual Defendants)

67.   Plaintiff HYSEN-DAUTI repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68.   Executive law § 296 provides that:

1. It shall be an unlawful discriminatory practice: a. For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristic,

marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or terms, conditions or privileges of employment.

69.     Defendant JOE'S PIZZERIA violated the section cited herein as set forth.

## THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW
## (Against Individual Defendants)

70.     Plaintiff HYSEN-DAUTI repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71.     New York Executive law § 296 (6) provides that it shall be an unlawful discriminatory practice: "[f]or any person to aid, abet, incite, compel, or coerce the doing of any acts forbidden under this article, or to attempt to do so."

72.     Defendants violated the section cited herein as set forth.

## FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

73.     Plaintiff HYSEN-DAUTI repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

74.     The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:  "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

12

75. The Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his national origin.

## FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against Individual Defendants)

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77. The New York City Administrative Code Title 8, § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

78. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory conduct of Defendant JOE'S PIZZERIA.

## SIXTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Not Against Individual Defendants)

79. Plaintiff HYSEN-DAUTI repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

13

    b.   An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        1.   the employee or agent exercised managerial or supervisory responsibility; or

        2.   the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

        3.   the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed   by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

81.     Defendant JOE'S PIZZERIA violated the above section.

## **JURY DEMAND**

82.     Plaintiff HYSEN-DAUTI hereby requests a jury trial.

**WHEREFORE**, Plaintiff HYSEN-DAUTI respectfully requests a judgment against the Defendants, individually, jointly, and severally:

A.      Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, the New York State Executive Law § 296 and the New York City Administrative Code § 8-107 in that Defendants subjected Plaintiff HYSEN-DAUTI to discriminatory treatment on the basis of his national origin;

B.      Awarding Plaintiff HYSEN-DAUTI compensatory damages for mental, emotional distress, pain and suffering and injury to reputation;

C.      Awarding Plaintiff HYSEN-DAUTI punitive damages;

D.      Awarding Plaintiff HYSEN-DAUTI attorneys' fees, costs, and expenses incurred in the prosecution of this action;

E.      Awarding Plaintiff HYSEN-DAUTI such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated:      New York, New York
            November 1, 2016

                        **PHILLIPS & ASSOCIATES,**
                        **ATTORNEYS AT LAW, PLLC**

                        **Joshua P. Frank, Esq.**
                        **Dorina Cela, Esq.**
                        *Attorneys for Plaintiff*
                        45 Broadway, Suite 620
                        New York, NY 10006
                        (212) 248-7431
                        jfrank@tpglaws.com
                        dcela@tpglaws.com

15

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:   Zyfer Dauti
        2815 Middletown Road, 1st Floor
        Bronx, NY 10461

From:   New York District Office
            33 Whitehall Street
            5th Floor
            New York, NY 10004

☐  On behalf of person(s) aggrieved whose identity is
     CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-02265 | Ashraf Ahmed, Investigator | (212) 336-3781 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin J. Berry,_
District Director

10/13/2016
(Date Mailed)

Enclosures(s)

cc:     Attn
          Director of Human Resources
          JOE'S FLEETWOOD RESTAURANT PIZZERIA & CATERING
          9 Broad Street West
          Mount Vernon, NY 10552

          Joshua P. Frank, Esq.
          PHILLIPS & ASSOCIATES
          45 Broadway, Suite 620
          New York, NY 10006